Matter of Kagel (2024 NY Slip Op 03889)

Matter of Kagel

2024 NY Slip Op 03889

Decided on July 24, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.

2023-11664

[*1]In the Matter of David L. Kagel, an attorney and counselor-at-law. (Attorney Registration No. 1609593)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 15, 1966. By order to show cause dated December 21, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of the State of California dated March 22, 2023.

Courtny Osterling, Acting Chief Counsel, Brooklyn, NY (Conor Hartnett of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

PER CURIAM.

OPINION & ORDER
By order of the Supreme Court of the State of California dated March 22, 2023, the respondent was disbarred from the practice of law in California and directed to: (1) make restitution to a former client in the sum of $25,000, plus 10% interest per year from October 25, 2020 (or to reimburse the Client Security Fund, to the extent of any payment from the Client Security Fund to such payee), (2) pay the sum of $5,000 in monetary sanctions to the State Bar of California Client Security Fund, and (3) pay costs to the State Bar of California.
California Disciplinary Proceeding 
The respondent was admitted to the California Bar on April 30, 1974.
As alleged in a California notice of disciplinary charges dated January 21, 2022 (hereinafter the 2022 California disciplinary charges), the respondent's misconduct stemmed from his representation of a client in a stock purchase transaction. In October 2020, the client retained the respondent to serve as an escrow agent to facilitate the purchase of stock by the client's company from Custodian Ventures, LLC (hereinafter Custodian), a company represented by David Lazar. According to the 2022 California disciplinary charges, on October 10, 2020, a stock purchase agreement was executed for this transaction and, pursuant thereto, on October 25, 2020, the respondent received $120,000 in cash from his client. The 2022 California disciplinary charges alleged that the respondent signed a receipt acknowledging receipt of those funds and committing to wire the full sum to Lazar. The 2022 California disciplinary charges alleged that the respondent did not deposit the $120,000 into a client trust account and that he also failed to forward the full amount to Lazar and only sent $95,000 to Lazar. The 2022 California disciplinary charges also alleged that, although the respondent had expressed to Lazar his intention to forward the balance of the purchase price, he failed to forward those funds. According to the 2022 California disciplinary charges, on or about December 3, 2020, Custodian withdrew from the stock purchase agreement and returned $95,000 directly to the respondent's client, but the respondent failed to return the remaining $25,000 to his client.
The State Bar of California Office of Chief Trial Counsel (hereinafter the California Chief Trial Counsel) served the respondent with the 2022 California disciplinary charges, which contained seven counts of misconduct. The 2022 California disciplinary charges alleged that the respondent willfully violated: (1) California Rules of Professional Conduct (hereinafter CRPC) rule 1.15 by failing to deposit and maintain the $120,000 he received on behalf of his client in a client trust account, (2) California Business and Professions Code (hereinafter CBPC) §§ 6106 (commission of an act involving moral turpitude, dishonesty, or corruption) and 6068(a) (duty to support the Constitution and the laws of the United States and California) by willfully and intentionally misappropriating the $25,000 his client was entitled to receive, thereby breaching the respondent's common-law fiduciary duty, (3) CBPC § 6106 by making an intentional misrepresentation to his client that he had deposited the $120,000 in a client trust account when he knew that such representation was false, and (4) CRPC rule 1.15(d)(4) and (7) by failing to pay, as requested by his client, any portion of the $25,000 his client was entitled to receive and to render an appropriate accounting of the $120,000 the respondent received in cash on his client's behalf.
According to an order dated May 3, 2022 (hereinafter the May 2022 California order) by the State Bar of California (hereinafter the California State Bar Court), after the respondent failed to timely file a written answer to the 2022 California disciplinary charges, he was served with a motion for entry of default. The respondent failed to timely file a written response to the motion, resulting in the May 2022 California order finding that the respondent was in default and deeming the facts as alleged in the 2022 California disciplinary charges admitted. The May 2022 California order notified the respondent that should he fail to timely move to set aside the default, the California State Bar Court would enter an order recommending his disbarment. By that May 2022 California order, the respondent also was enrolled as an inactive attorney of the State Bar of California.
Thereafter, the California Chief Trial Counsel filed a petition with the California State Bar Court for the respondent's disbarment under rule 5.85 of the Rules of Procedure of the State Bar of California, and the petition was granted by an order of the California State Bar Court dated December 2, 2022 (hereinafter the December 2022 California order). According to the December 2022 California order, the California State Bar Court found that the California Chief Trial Counsel timely filed the petition for disbarment and, as required by rule 5.85(A), reported that (1) there had been no contact with the respondent since the entry of the default, (2) there were three additional pending disciplinary investigations against the respondent, each being held in abeyance pending the resolution of the current case, (3) the respondent has two prior records of discipline, and (4) the Client Security Fund had not paid any claims as a result of his misconduct.
With respect to the respondent's prior discipline, pursuant to a California Supreme Court order filed March 31, 1997, the respondent was suspended from the practice of law for a minimum of one year and until he complied with probation conditions and showed proof of rehabilitation. The suspension was stayed, and the respondent was placed on probation for a period of two years, with conditions, including that he be suspended from the practice of law for a period of six months. In a second disciplinary matter, pursuant to a California Supreme Court order filed July 19, 2012, the respondent was suspended from the practice of law for one year, which suspension was stayed, and the respondent was placed on probation for a period of two years, with conditions, including that he be suspended from the practice of law for a period of eight months. The respondent had entered a stipulation that he acted with moral turpitude by issuing checks from his client trust account with insufficient funds and commingled personal funds in that account. This Court's records indicate that the respondent failed to report to this Court that he had been disciplined in California.
With respect to the petition for disbarment, the California State Bar Court found that the procedural requirements had been met and that the facts now deemed admitted adequately demonstrated the respondent's misconduct, warranting the imposition of discipline. The California State Bar Court also determined that the requirements of rule 5.85(F) had been satisfied and recommended that the respondent be disbarred from the practice of law. The California State Bar Court further recommended, inter alia, that (1) the respondent be directed to make restitution to his client in the sum of $25,000, plus 10% interest per year from October 25, 2020 (or to reimburse the Client Security Fund, to the extent of any payment from the Client Security Fund to such payee), (2) the respondent pay the sum of $5,000 in monetary sanctions, and (3) costs be awarded to the State Bar of California.
By order dated March 22, 2023 (hereinafter the March 2023 California order), the California Supreme Court disbarred the respondent from the practice of law and, as recommended [*2]by the California State Bar Court, directed him to pay restitution, monetary sanctions, and costs.
New York Proceeding 
By order to show cause dated December 21, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the March 2023 California order. Although the respondent was duly served with the order to show cause dated December 21, 2023, he has neither submitted a response thereto, nor requested additional time to do so. Therefore, the respondent waived his ability to assert any applicable defense under 22 NYCRR 1240.13(b) or otherwise put forth any mitigating evidence.
Findings and Conclusion 
Based on the misconduct underlying the discipline imposed by March 2023 California order, we find that the imposition of reciprocal discipline is warranted and conclude that the respondent should be disbarred.
DILLON, J.P., DUFFY, BARROS, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ORDERED that the respondent, David L. Kagel, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, David L. Kagel, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, David L. Kagel, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, David L. Kagel, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court